## McRoberts vs. The Steamboat Henry Clay.

Where the statute of any state gives a lien upon a vessel from the time a claim against it accrues, it can have that effect only in the case of claims arising *within* such state.

Chap. 150, R. S., in substance and effect provided for such a lien. Chap. 151, General Laws of 1859, which is a substitute for the former statute, makes the claims therein provided for specific liens from the time they accrue.

That law may however be resorted to for enforcing claims of the kind therein specified, which accrued out of the state, in all cases where the *person* who is liable remains owner of the vessel at the time it is proceeded against in the state.

Where, in a proceeding under the statute, the complaint did not allege such continued ownership, but the action was dismissed by the court below solely on the ground of its want of jurisdiction of an action accruing without the state, this court reversed the judgment and remanded the cause for a new trial, at which there would be an opportunity to amend the complaint.

APPEAL from the Circuit Court for *La Crosse* County.

Action commenced in June, 1858, for an injury alleged to have been done the plaintiff's ferry boat by the steamer *Henry Clay*, by a collision, near the first rapids in the Mississippi river, in the state of Iowa, and wholly without the territorial limits of the state of Wisconsin. On the trial, the counsel for the defendant objected to the reception of any evidence in behalf of the plaintiff, on the ground that the court had no jurisdiction of the action ; and the court sustained the objection. It was admitted that the defendant was a boat used in navigating the waters of this state at the time of the alleged injury. On motion of the defendant's counsel, the court ordered a judgment of nonsuit.

*W. H. Tucker*, for appellant. [No brief on file.]

*Angus Cameron*, for respondent, cited *Steamboat vs. Pollard*, 10 Mo., 583 ; *Steamboat vs. Parmlee*, id., 586 ; *Noble vs. Steamboat*, 12 id., 261 ; *Twitchell vs. Steamboat*, id., 412 ; *Swearingen vs. Steamboat*, 13 id., 519 ; *Fisk vs. Steamboat*, 18 id., 587 ; *James vs. Steamboat*, 19 id., 517 ; *Steamboat vs. Jantzen*, 16 Ohio, 91 ; *Goodsill v. The Brig St. Louis*, id., 178 ; *Schooner v. Dobbie*, 17 id., 125 ; *Steamboat v. Landreth*, 2 Min., 175 ; *Irvine v. Steamboat*, 3 id., 192.

*By the Court*, PAINE, J. As a mere question of construction on the language of our statute relating to proceedings against boats and vessels, the argument is very strong to show that it was the intent of the legislature to extend the remedy there given to all cases where boats were used in navigating the waters of this state, without reference to the question whether the contract was made, or the injury committed, in this state or not. Claims for wharfage or anchorage are expressly limited to those which accrued within this state. And the limitation being confined to those alone, the implication is that it was not intended to apply to others. This was the effect giv-

en to the same language in the Michigan statute in the case of *Moses v. The Steamboat Missouri*, 1 Man., 507.

That case also held that a statute similar to ours did not create any lien on the boat until it was actually seized on a proceeding against it. That view left the court at liberty to hold that the statute was applicable to claims accruing out of the state as well as those accruing in it.

But it has invariably been held that where the statute gave a lien from the time the claim accrued, it could only have that effect in the case of claims accruing within the state where the law was enacted. And this for the plain reason, that the law of a state cannot operate outside of it, so as to create a lien out of transactions arising in other states. Therefore, though in many instances the language of the statute was very broad, and sufficient to include all cases, the courts have held that they could not have full effect according to their terms, in respect to claims arising out of the state. In addition to the cases cited by the respondent's counsel, the following are also in point: *Steamboat Tweed v. Richards*, 9 Ind., 525; *The Steamboat Ohio v. Stunt*, 10 Ohio St., 582; *Steamboat Ocean v. Marshall*, 11 id., 379.

This case was argued here as though chap. 150, R. S., 1858, was in force, and the appellant's counsel contended that it gave no specific lien on the boat until seizure, and that therefore the decision in Michigan before cited was applicable. But we had held that while that law did not, in so many words, provide for a lien, it did in substance and effect, by providing that the boat might become a debtor, and that claims against a boat were not cut off by a sale of the boat on execution under a personal judgment against the owner. *Hay & Clark v. Steamboat Winnebago*, 10 Wis., 428. There is much reason for saying that the doctrine of that case would bring our statute within those decisions applicable to laws providing for specific liens, even if that chapter were still in force. But in 1859 the legislature repealed that chapter, and enacted a substitute

which made the claims provided for specific liens. Chap. 151, Gen. Laws of 1859. And under this there can be no doubt that the law could not operate to create a specific lien out of the state, from transactions occurring entirely outside of it.

Having arrived at this conclusion, the question has occurred to us, whether, notwithstanding the law cannot create a lien out of the state, it may not still be resorted to for the purpose of enforcing claims of the kind specified, which accrued out of the state, in all cases where there has been no change of ownership? We have come to the conclusion that it may. The legislature clearly intended to go as far as they could go, to furnish this remedy for all such claims. If the law cannot take full effect, so as to give the specific lien out of the state, that does not seem to furnish any reason why it may not be resorted to as a remedy, where the person who is personally liable remains owner at the time the boat is proceeded against in this state. Every state furnishes remedies for causes of action accruing in others, which are of a transitory character, as these are. This effect was given to the Ohio statute, as appears from the two cases already cited from that state. And we see no objection to such a rule. The statute then becomes a mere remedy upon a transitory cause of action which accrued in another state, against the owner of the boat, and could be resorted to only in cases where the ownership remained unchanged. Whether in such a case the claim could be held to become a lien as soon as the boat entered the waters. of this state, or whether it would be so only upon an actual seizure, as in the case of an attachment of any other property, it is not necessary now to determine.

The result of our conclusions is, that if the owner at the time the alleged injury was committed, remained the same till the boat was seized under the law of this state, the court would have had jurisdiction. The cases in Ohio hold that the plaintiff in such case should show in his pleading that the owner of the boat is personally liable on the claim sought to be enforced.

There is no such allegation in this complaint. Yet as no question was raised below as to the sufficiency of the pleading, but the case was dismissed for the reason that the court could not have jurisdiction of such a claim in any event, the judgment must be reversed, and the cause remanded for a new trial. It may be necessary, however, for the plaintiff to amend.